**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | ) Case No.: 1:12-cv-00541 - AWI - JLT<br>)<br>) FINDINGS AND RECOMMENDATION<br>) DENYING PLAINTIFF'S MOTION TO PROCEED<br>) IN FORMA PAUPERIS AND DISMISSING THE<br>) COMPLAINT WITHOUT LEAVE TO AMEND<br>)<br>)<br>)<br>) |

　　　John Frederick Wheeler ("Plaintiff") seeks to proceed with an action for racial discrimination and violation of his civil rights against the United States and Jon Van Boening, the president of Bakersfield Memorial Hospital (collectively, "Defendants"). (Doc. 1). Plaintiff alleges the defendants violated his civil rights and discriminated against him based upon Plaintiff's race. For the following reasons, the Court recommends Plaintiff's motion to proceed in forma pauperis (Doc. 2) be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.　　MOTION TO PROCEED IN FORMA PAUPERIS**

　　　As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1  leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d
2  1178, 1177 (9th Cir. 1999).

3        The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of
4  privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to
5  due process."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314
6  F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to
7  proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In
8  making a determination, the court "must be careful to avoid construing the statute so narrowly that a
9  litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or
10 foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

11       Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed
12 below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted.[1]  *See*
13 28 U.S.C.§ 1915(e)(2).

14 **II.    SCREENING REQUIREMENT**

15       When an individual seeks to proceed *in forma pauperis*, the Court is required to review the
16 complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a
17 complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which
18 relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."
19 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the
20 level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
21 available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

---

[1] Previously, Plaintiff has filed a number of non-meritorious lawsuits in this district.  *See, e.g., Wheeler v. Payless Towing*, No. 1:09-cv-1829-LJO-SMS, 2010 U.S. Dist. LEXIS 1684 (E.D. Cal. Jan. 11, 2010) (dismissed for failure to state a claim); *Wheeler v. Healthy Smiles*, No. 1:09-cv-1772-OWW-SKO, 2010 U.S. Dist. LEXIS 125232 (dismissed with prejudice for failure to state a claim upon which relief could be granted and failure to obey the court's order); *Wheeler v. United States,* No. 1:11-cv-1045-LJO-JLT, 2011 U.S. Dist. LEXIS 85366 (E.D. Cal. Aug. 3, 2011) (dismissed for lack of jurisdiction); *Wheeler v. Bakersfield City*, No. 1:11-cv-1832-LJO-JLT, 2011 U.S. Dist. LEXIS 141203 (E.D. Cal. Dec. 8, 2011) (dismissed with prejudice as barred by the doctrine of res judicata); *Wheeler v. Bank of America*, No. 1:11-cv-1270-LJO-JLT, 2012 U.S. Dist. LEXIS 8522 (E.D. Cal. Jan. 25, 2012) (dismissed with prejudice for failure to state a claim); *Wheeler v. Silver Chair*, No. 1:12-cv-0260-LJO-JLT, 2012 U.S. Dist. LEXIS 32851 (E.D. Cal. Mar. 12, 2012) (motion to proceed IFP denied, and complaint dismissed without leave to amend for failure to state a claim).  **Consequently, Plaintiff has been warned– and is here warned again– that repeated filing of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed**.  *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

### III. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. PLAINTIFF'S ALLEGATIONS

Plaintiff, a white male, alleges discrimination based on race by the United States and Jon Van Boening, the president of Bakersfield Memorial Hospital. (Doc. 1 at 1). According to Plaintiff, a physician at Memorial Hospital, Dr. Paw, refuses to perform an operation upon Plaintiff. *Id.* at 4. Plaintiff contends Dr. Paw is "not of the same race," and believes that if he was not white, "Dr. Paw would not refuse to operate on him . . ." *Id.*

Plaintiff asserts he went to Memorial Hospital for treatment on January 24, 2012. (Doc. 1 at 5). While treated in the emergency room, a nurse put an IV in his right hand, which Plaintiff believed was stabbed through his vein and "down into his hand, causing blood to go into his hand and causing him sevear [sic] pain[]." *Id.* Due to the pain, Plaintiff pulled his hand back as a natural reaction. *Id.* Plaintiff alleges the nurse then pulled the needle out of the IV "and instead of connecting the tubs that she was supposed to collect the blood samples with . . . let blood drip on to plaintiffs [sic] hand and then into the tubs." *Id.* at 5-6. After his blood was drawn, he was hooked up to machines for an EKG on his heart. *Id.* at 7. Then a man "with tatoos [sic] all over both his arms" told Plaintiff he was going to put an IV in his arm and "no matter how much it hert [sic] Plaintiff better not move his arm." *Id.* (emphasis omitted). Plaintiff contends he feared for his safety and suffered "mental and emotional distress" due to his treatment by the nurses.

According to Plaintiff, he had a lung infection and fluid around his heart. (Doc. 1 at 8). A physician wanted to perform an examination on his heart, which Plaintiff refused because he believed there was a chance the dye used could damage his kidney. *Id.* As described by Plaintiff, the doctor "wanted to go inside his hart [sic] with a needle to take the excess flued [sic] from around his hart [sic]." *Id.* A doctor attributed the fluid around Plaintiff's heart to Plaintiff's failure to take his thyroid medication regularly, and Plaintiff signed himself out of the hospital. *Id.* at 12.

On March 13, 2012, Plaintiff returned to Memorial Hospital for chest pain and difficulty breathing. (Doc. 1 at 13). Plaintiff alleges he was admitted to the hospital, and Dr. Paw informed Plaintiff they would do a procedure to remove the fluid around his heart. *Id.* Plaintiff requested a written explanation of the procedure, and upon reading the description discovered the doctor failed to discuss the risks, including: puncture of the heart muscle, coronary artery, lung, liver, or stomach;

bleeding; a collapsed lung; heart attack; infection (pericarditis); and irregular heartbeats. *Id.* at 13-14. Plaintiff reports he was given a consent form for the procedure, which included a section for "special instructions." *Id.* at 14. Under this section, Plaintiff wrote that he would hold the president and vice president of Memorial Hospital, the doctor and others responsible for any injuries, and then signed the form. *Id.* Plaintiff alleges a nurse later informed him the doctor would not perform the procedure with the conditions set by Plaintiff. *Id.*

Plaintiff contends the president and vice president of Memorial Hospital are responsible for his life, and that he is at risk of a heart attack because the physician refuses to perform the surgery. (Doc. 1 at 15-16). According to Plaintiff, "the consent forms are a contract to allow the [doctor] to operate on him." *Id.* at 17. Plaintiff believes that if he allows the doctor to operate and does not make it clear the doctor would be responsible for any injuries to Plaintiff, he would lose the ability to sue the doctor for the injuries caused. *Id.* at 17. On March 18, 2012, Plaintiff was discharged from Memorial Hospital without having the fluid around his heart removed. *Id.*

V.   **DISCUSSION AND ANALYSIS**

Based upon the above facts, Plaintiff alleges Defendants violated the Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 1-2). In addition, Plaintiff contends Defendants discriminated against him because he is white, in violation of 42 U.S.C. §§2000a, et seq., which prohibits discrimination on the basis of race in places of public accommodations. *Id.* at 2.

A.   **Violations of constitutional rights under 42 U.S.C. § 1983**

Notably, the Fifth Amendment and Fourteenth Amendment do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution." However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An entity or individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Cororan Prison- CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012).

Here, Plaintiff does not allege any conduct by the defendants in relation to his alleged constitutional violations, or demonstrate Defendants had a legal duty to act and failed to do so. In fact, it does not appear Plaintiff had any interactions with the president of Memorial Hospital or with any agent of the United States during his stays at the hospital. Because Defendants have not been linked to any constitutional violations, Plaintiff has failed to demonstrate Defendants may be held liable under Section 1983.

**B.     Discrimination under 42 U.S.C. §§ 2000a, *et seq.***

Title II of the Civil Rights Act of 1964 ("Title II"), set forth in 42 U.S.C. §§ 2000a, *et seq*, prohibits discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin. *See* 42 U.S.C. §§ 2000a-1, 2000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting deprivation of an individual's right not to be subjected to such discrimination). Thus, to succeed on a

claim for a violation of Title II, a claimant must show the defendant "acted with a specific racial animus or discriminatory intent." *See McGee v. California*, 2010 U.S. Dist. LEXIS 128992, at *8 (E.D. Cal. Dec. 7, 2010).

In this case, Plaintiff has not alleged facts such that the Court may determine Defendants acted with the specific intent to discriminate on the basis of his race. Notably, the only allegations related to race concern a non-party, because Plaintiff asserts Dr. Paw was not white and would not perform the surgery Plaintiff desired. Therefore, the Court recommends Plaintiff's claim for a violation of Title II be dismissed.

## VI.     FINDINGS AND RECOMMENDATIONS

Plaintiff fails to demonstrate a causal relationship between Defendants' conduct and the injuries allegedly suffered. *See Rizzo*, 423 U.S. at 371-72, 377. *Johnson*, 588 F.2d at 743. Further, Plaintiff has not demonstrated Defendants acted with a specific discriminatory intent, as required by 42 U.S.C. §§ 1983 and 2000a. Plaintiff provides only the conclusion that Dr. Paw refused to perform the surgery because he is white, and this conclusion alone is insufficient to support a claim for racial discrimination. *See Ivey*, 673 F.2d at 268. Moreover, Dr. Paw is not identified as a defendant in the action.

Based upon these facts, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

2.     Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 24, 2012**                              **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE